UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Deangelo Lamont Mitchell,<br><br>Plaintiff,<br><br>v.<br><br>High Desert State Prison, *et al.*,<br><br>Defendants. | Case No. 2:22-cv-00236-GMN-BNW<br><br>**ORDER re ECF Nos. 15 and 31** |

Before the Court are two motions to seal. ECF Nos. 15, 31.

First is Defendants' motion seeking to seal exhibits accompanying their response to Plaintiff's motion for preliminary injunction.[1] ECF No. 15. No opposition has been filed.

Next is a similar motion by Defendants seeking to seal exhibits attached in relation to a hearing on Plaintiff's motion for preliminary injunction.[2] ECF No. 31. No opposition has been filed.

This Court applies the case law below to each of the motions addressed in this Order.

**I.   Analysis**

Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Such records are presumptively publicly accessible. *Id.* Consequently, a party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id.* In the case of dispositive motions, the party seeking to seal the record must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. *Id.* at 1178–79 (alteration and internal quotation marks and citations omitted). The Ninth Circuit has further held that the full presumption

---

[1] The sealed exhibits are filed at ECF No. 16.
[2] The sealed exhibits are filed at ECF No. 32.

1

of public access applies to technically non-dispositive motions and attached documents as well if the motion is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

Among the compelling reasons which may justify sealing a record are when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. *Kamakana*, 447 F.3d at 1179 (quotation omitted). However, avoiding a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records. *Id.*

"[A] different standard applies to 'private materials unearthed during discovery,' as such documents are not part of the judicial record." *Pintos v. Pac. Creditors Ass'n,* 605 F.3d 665, 678 (9th Cir. 2010) (citing *Kamakana*, 447 F.3d at 1180). Under Rule 26(c), a court may enter a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." "The relevant standard for purposes of Rule 26(c) is whether good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Pintos*, 605 F.3d at 678 (quotation omitted). Given the "weaker public interest in nondispositive materials," the court applies the good cause standard in evaluating whether to seal documents attached to a nondispositive motion. *Id.* "Nondispositive motions 'are often unrelated, or only tangentially related, to the underlying cause of action,' and, as a result, the public's interest in accessing dispositive materials does 'not apply with equal force' to non-dispositive materials." *Id.* (citing *Kamakana*, 447 F.3d at 1179). It is within the court's discretion whether to seal documents. *Id.* at 679.

**A.   There are compelling reasons to seal the exhibits referenced in Defendants' motion at ECF No. 15**

Defendants seek to seal several documents filed in their response to Plaintiff's motion for preliminary injunction. These exhibits relate to Plaintiff's medical records. ECF No. 15.

Because these documents are attached to a matter that is more than tangentially related to the merits of the case, the Court applies the compelling reason standard. *Ctr. for Auto Safety*, 809 F.3d at 1099.

Here, the Court finds Defendants have demonstrated compelling reasons to seal the documents in question as these detail Plaintiff's medical history. "This Court, and others within the Ninth Circuit, have recognized that the need to protect medical privacy qualifies as a 'compelling reason' for sealing records, since medical records contain sensitive and private information about a person's health." *Pirtle v. Rosa*, Case No. 3:21-CV-0324-MMD-CLB, 2021 WL 4810330, at *1 (D. Nev. Oct. 14, 2021) (citing cases).

As a result, Defendants' motion at ECF No. 15 will be granted.

**B.    There are compelling reasons to seal the exhibits referenced in Defendants' motion at ECF No. 31**

Defendants seek to seal several exhibits filed in connection to a hearing on Plaintiff's motion for preliminary injunction. ECF No. 31.

Because these documents are attached to a matter that is more than tangentially related to the merits of the case, the Court applies the compelling reason standard. *Ctr. for Auto Safety*, 809 F.3d at 1099.

Here, the Court finds Defendants have demonstrated compelling reasons to seal the documents in question as these detail Plaintiff's medical history. "This Court, and others within the Ninth Circuit, have recognized that the need to protect medical privacy qualifies as a 'compelling reason' for sealing records, since medical records contain sensitive and private information about a person's health." *Pirtle v. Rosa*, Case No. 3:21-CV-0324-MMD-CLB, 2021 WL 4810330, at *1 (D. Nev. Oct. 14, 2021) (citing cases).

As a result, Defendants' motion at ECF No. 31 will be granted.

//

//

//

## II. Conclusion and Order

**IT IS THERERFORE ORDERED** that Defendants' Motion to Seal at ECF No. 15 is **GRANTED**. The Clerk of Court is kindly directed to maintain under seal the exhibits at ECF No. 16.

**IT IS FURTHER ORDERED** that Defendants' Motion to Seal at ECF No. 31 is **GRANTED**. The Clerk of Court is kindly directed to maintain under seal the exhibits at ECF No. 32.

DATED: August 3, 2022.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE