UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DEANGELO LAMONT MITCHELL, ) <br> ) <br>               Plaintiff, ) <br>   vs. ) <br> ) <br> HIGH DESERT STATE PRISON, *et al.*, ) <br> ) <br>               Defendants. ) <br> ) | Case No.: 2:22-cv-00236-GMN-BNW <br><br> **ORDER** |

Pending before the Court is Plaintiff Deangelo Mitchell's ("Plaintiff's") Motion for an Order to Show Cause, (ECF No. 54). Defendants Jeremy Bean, Charles Daniels, Ben Gutierrez, Michael Minev, Ronald Oliver, and Nonilong Peret (collectively "Defendants") filed a Response, (ECF No. 62), to which Plaintiff filed a Reply, (ECF No. 69).

Further pending before the Court is Plaintiff's Motion for Preliminary Injunction,[1] (ECF No. 52). Defendants filed a Response, (ECF No. 63), to which Plaintiff filed a Reply, (ECF No. 68).

Further pending before the Court is Plaintiff's Motion for Temporary Restraining Order, (ECF No. 55). Defendants filed a Response, (ECF No. 64), to which Plaintiff filed a Reply (ECF No. 68).

This case arises out of Defendants' alleged indifference to Plaintiff's serious medical needs while Plaintiff was incarcerated at High Desert State Prison ("HDSP"). (*See generally* Compl. ECF No. 12). Specifically, Plaintiff suffers from urethral strictures, which he alleges

---

[1] Plaintiff filed a single motion titled "Plaintiff's Motion for an Order to Show Cause, A Temporary Restraining Order, and Preliminary Injunction." Under Local Rule IC 2-2(b), that filing was docketed as three separate entries: ECF No. 52 (preliminary injunction), ECF No. 54 (motion for order to show cause), and ECF No. 55 (temporary restraining order). Because Plaintiff's motion for preliminary injunction and motion for temporary restraining order are identical, the Court will only cite to ECF No. 52.

Defendants failed to treat and delayed surgery to treat. (Screening Order 7:24–11:2, ECF No. 11). Plaintiff filed a motion for temporary restraining and preliminary injunction, requesting the Court order Defendants to schedule Plaintiff an appointment with a urologist to determine how to treat his urethral strictures. (*See generally* First Prelim. Inj., ECF No. 9). The Court held hearings on Plaintiff's motions on May 11, 2022, and May 24, 2022. (*See* Mins. Proceedings, ECF Nos. 25, 39). At the conclusion of the hearings, the Court ordered the "[Nevada Department of Corrections] ("NDOC") to schedule an appointment for [Plaintiff] to see a urologist." (Prelim. Inj. Transcript 74:16–22, ECF No. 51). The Court further explained that "by July 24th, there should be an appointment" scheduled with a urologist who would take Plaintiff as their next available appointment. (*Id*. 82:14–22).

Following the hearings, Plaintiff alleges that Defendants began retaliating against him for his lawsuit by denying him clean catheters needed to treat his condition. (Prelim. Inj. 2:11–24, ECF No. 52). Plaintiff contends that he "was forced to purchase bars of soap from the commissary and attempt to clean and re-use old catheters." (*Id*. 2:18–21). Rather than being an act of retaliation, Defendants maintain that Plaintiff's lack of catheters was due to his failure to submit a request to the applicable officials to receive more catheters. (Resp. 7:13–26, ECF No. 62). Defendants contend that NDOC now periodically provides catheters to Plaintiff without him making a request to ensure his supply is never depleted. (*Id*.); (John F. Keast ("Keast") Keast Decl. ¶ 20, ECF No. 67).

On July 21, 2022, NDOC scheduled an appointment for Plaintiff to meet with a urologist located in Reno, Nevada, on August 18, 2022. (Lorin M. Taylor ("Taylor") Decl. ¶ 19, ECF No. 65). On August 4, 2022, Plaintiff was transferred from HDSP to the Northern Nevada Correctional Center ("NNCC") to attend the appointment, and met with the urologist on August 18, 2022. (Keast Decl. ¶¶ 4–5, 8). As a result of this appointment, the urologist ordered the following: (1) CT scan of Plaintiff's abdomen and pelvis without contrast; (2) retrograde

urethrogram ("RUG"); (3) basic metabolic panel ("BMP"); (4) phenazopyridine 200 mg tablet, one tablet(s) three times a day by oral route for three days; (5) D-mannose 500 mg capsule, one capsule(s) twice a day by oral route for 180 days; and (6) Cran-Max 500 mg capsule, one capsule(s) twice a day by oral route for 180 days. (October 24, 2022, Email Exchange at 37–38, Ex. 10 to Prelim. Inj., ECF No. 52-1). Plaintiff argues that to date, "none of the treatment" described above has taken place and "Plaintiff has not been re-scheduled" to see the urologist. (Prelim. Inj. 6:1–3). In response, Defendants contend that Plaintiff cannot show that "declining to prescribe [him] with cranberry and sugar tablets constitute a serious risk of harm," and that they are in the process of complying with the rest of the treatment recommended by the urologist. (Resp. 2:15–16, 5:3–7).

On November 10, 2022, Plaintiff filed the instant Motion for Preliminary Injunction. (*See generally* Sec. Prelim. Inj., ECF No. 52). On November 14, 2022, Plaintiff additionally filed the present Motion for Order to Show Cause, (ECF No. 54), and Motion for Temporary Restraining Order, (ECF No. 55).

Accordingly,

**IT IS HEREBY ORDERED** that the parties in this case shall appear for a hearing on Plaintiff's Motions for an Order to Show Cause, Temporary Retaining Order, and Preliminary Injunction IN PERSON on Monday, February 27, 2023, at 10:00 A.M. before the Honorable Judge Gloria M. Navarro in Las Vegas Courtroom 7D. The Court has allocated two hours for the hearing. The parties should be prepared to discuss:

1. Whether Defendants violated the spirit of the Court's preceding Order requiring NDOC to schedule Plaintiff an appointment with a urologist by July 24, 2022, by waiting until July 21, 2022, to schedule the appointment, thereby ensuring that Plaintiff would not be seen by the doctor until after the Court imposed deadline

2. Whether the lack of catheters provided to Plaintiff following this Court's Order was in retaliation for continuing the present litigation

3. Related to the preceding question, whether Plaintiff will be continually provided clean catheters going forward

4. Whether Defendants' decision to deny Plaintiff cranberry and sugar tablets was deliberately indifferent to his serious medical needs

5. Whether Plaintiff's transfer from HDSP to NNCC renders his request for injunctive relief moot

**DATED** this __30__ day of January, 2023.

_____
Gloria M. Navarro, District Judge
United States District Court