# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DEANGELO LAMONT MITCHELL,                )
                                         )
                    Plaintiff,           )     Case No.: 2:22-cv-00236-GMN-BNW
                                         )
        vs.                              )
                                         )     **ORDER DENYING PLAINTIFF'S**
                                         )     **OBJECTION/APPEAL TO THE**
HIGH DESERT STATE PRISON, *et al.*,      )     **MAGISTRATE JUDGE'S ORDER**
                                         )
                    Defendants.          )
                                         )
_____)

Pending before the Court are Plaintiff Deangelo Mitchell's Objection/Appeal, (ECF No. 118), and Motion for Leave to File Supplemental Authority, (ECF No. 119), to United States Magistrate Judge Brenda Weksler's Order, (ECF No. 112), denying his Motion for Attorney's Fees, (ECF No. 103). Defendants Jeremy Bean, Jaymie Cabrera, Charles Daniel, Ben Gutierrez, Michael Minev, Ronald Oliver, and Nilo Peret filed a Response, (ECF No. 120), to which Plaintiff filed a Motion for Leave to File Sur-Reply, (ECF No. 122).

For the reason discussed below, the Court DENIES Plaintiff's Objection/Appeal and GRANTS his Motion for Leave to File Supplemental Authority[1] and Motion for Leave to File Sur-Reply.[2]

_____

[1] The Court may grant leave to file supplemental authority "for good cause" *See* Local Rule 7-2(g). "Good cause may exist when the proffered supplemental authority controls the outcome of the litigation, or when the proffered supplemental authority is precedential, or particularly persuasive or helpful." *Alps Prop. & Cas. Ins. Co. v. Kalicki Collier, LLP*, 526 F. Supp. 3d 805, 812 (D. Nev. 2021). Plaintiff's Motion advances the United States Court of Appeals for the Ninth Circuit's decision in *Dannenberg v. Valdez*, 338 F.3d 1070 (9th Cir. 2003), is binding authority that demonstrates the Magistrate Judge's Order was clearly erroneous and contrary to law. (Mot. Suppl. Authority 2:4–3:2, ECF No. 119). The Court has reviewed *Dannenberg*, and finds it is relevant to the issues underlying Plaintiff's Objection/Appeal and is helpful in developing the Court's analysis. For good cause appearing, the Court GRANTS Plaintiff's Motion for Leave to File Supplemental Authority.

[2] Local Rule 7-2(b) provides that "[a] sur-reply may only be filed by leave of court, and only to address new matters raised in a reply to which a party would otherwise be unable to respond." *Kanvick v. City of Reno*, No. 3:06-cv-00058, 2008 WL 873085, at *1 n.1 (D. Nev. Mar. 27, 2008) (emphasis omitted). Plaintiff seeks to leave

1

## I.   **BACKGROUND**

2

3   This case arises out of Defendants' alleged indifference to Plaintiff's serious medical

needs while Plaintiff was incarcerated at High Desert State Prison ("HDSP") in violation of his

4   Eighth Amendment rights. (*See generally* Compl. ECF No. 12).  Specifically, Plaintiff suffers

5   from urethral strictures, which he alleges Defendants failed to treat, in part by denying him

6   surgery that would alleviate his condition. (Screening Order 7:24–11:2, ECF No. 11).  The

7   Court incorporates the background and procedural history of this case from Plaintiff's

8   Objection/Appeal to the Magistrate Judge's Order. (Obj./Appeal 2:4–4:15, ECF No. 118).

9   In short, Plaintiff sought injunctive relief ordering Defendants to treat his urethral

10  strictures by arranging for him to obtain what is known as a urethroplasty procedure. (First

11  Mot. Temporary Restraining Order ("TRO"), ECF No. 8); (First Mot. Prelim. Inj., ECF No. 9).

12  The Court held multiple evidentiary hearings before granting Plaintiff's request for injunctive

13  relief. (Mins. Proceeding, ECF Nos. 25, 39).  As part of its determination, the Court found

14  Plaintiff had shown a likelihood of success on his Eighth Amendment claim.  Accordingly, the

15  Court ordered Defendants to arrange for Plaintiff to meet with a urologist and undergo

16  urethroplasty surgery if recommended. (Mins. Proceeding, ECF No. 39).

17  ///

18

19

20  to file a sur-reply to rebut Defendants' argument that his Objection/Appeal is untimely. (Mot. Leave File Sur-Reply 2:2–3:5, ECF No. 122); (Resp. Obj. 2:1–3, 2:13–3:4, ECF No. 121).  Specifically, Defendants argue that because the Magistrate Judge's Order was signed on December 12, 2023, the deadline for Plaintiff to file an objection to the Order was fourteen days later on December 26, 2023, but Plaintiff did not file his Objection/Appeal until December 27, 2023, rendering his Objection/Appeal untimely. (Resp. Obj. 2:1–3, 2:13–3:4).  In his Sur-Reply, Plaintiff explains Defendants' argument is misplaced, because the "'[t]he deadline to file and serve any objections to a magistrate's judge's is 14 days after service of the order," (Mot. Leave File Sur-Reply 2:15–17) (citing Local Rule IB 3-1), and here, the Magistrate Judge's Order was not electronically filed and served until December 13, 2023. (*Id.* 2:17–19).  Although the Magistrate Judge's Order was signed on December 12, it was not electronically filed and served on the parties until December 13. (*See* Order Denying Mot. Atty's Fees, ECF No. 112) (stating that the Order was entered on December 13, 2023).  The Court finds good cause to permit Plaintiff leave to file a sur-reply and agrees with the argument advanced therein.  Accordingly, the Court GRANTS Plaintiff's Motion for Leave to File Sur-Reply and finds Plaintiff's Objection/Appeal is timely.

21

22

23

24

25

Plaintiff later filed a Second Motion for Preliminary Injunction and Temporary Restraining Order, contending that Defendants unduly delayed making an appointment for him to see a urologist, and impermissibly withheld catheters needed to treat his condition in retaliation for bringing this lawsuit. (ECF Nos. 52, 55). The Court held another evidentiary hearing, granted Plaintiff's Motions, and ordered Defendants to supply him with catheters and schedule a urologist appointment for him in a timely manner. (Mins. Proceeding, ECF No. 74). The Court held several status checks to ensure Defendants' compliance with the Court's Orders. (Status Checks, ECF Nos. 88, 92, 98). Plaintiff later met with a urologist and underwent the urethroplasty procedure. (*See generally* Obj./Appeal).

Plaintiff's counsel then filed a Motion for Attorney's Fees, (ECF No. 103), contending that by obtaining injunctive relief and receiving the urethroplasty procedure, Plaintiff proved an actual violation of his constitutional rights and is thereby entitled to attorney's fees as a prevailing party under 42 U.S.C. § 1988(b) and the Prison Litigation Reform Act ("PLRA"). The Magistrate Judge denied Plaintiff's Motion, reasoning that the injunctive relief he obtained did not prove his constitutional rights were violated when considering that Defendants still contested their liability, and dispositive motions had yet to be filed. (Order, ECF No. 112). Plaintiff then filed the present Objection/Appeal, (ECF No. 118).

## II.    LEGAL STANDARD

When reviewing the order of a magistrate judge, the order should be set aside only if the order is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); LR IB 3-1(a); 28 U.S.C. § 636(b)(1)(A); *Laxalt v. McClatchy*, 602 F. Supp. 214, 216 (D. Nev. 1985). A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *UnitedHealth Grp., Inc. v. United Healthcare, Inc.*, No. 2:14-cv-00224,

2014 WL 4635882, at *1 (D. Nev. Sept. 16, 2014) (citation omitted).  When reviewing the order, however, the magistrate judge "is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007) (citation omitted).  The district judge "may not simply substitute its judgment" for that of the magistrate judge. *Grimes v. City and Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

## III.   <u>DISCUSSION</u>

At bottom, Plaintiff's Objection/Appeal raises two questions.  First, whether Plaintiff is considered a "prevailing party" under 42 U.S.C. § 1988(b).  Second, if Plaintiff is the "prevailing party" under 1988(b), whether he has also shown an "actual violation" of his constitutional rights such that attorney's fees are warranted under the PLRA.  The Court begins by examining whether Plaintiff is a "prevailing party" for purposes of § 1988.

### A.  Prevailing Party

As stated, Plaintiff contends that by obtaining injunctive relief and receiving the urethroplasty procedure, he is a prevailing party under 42 U.S.C. § 1988(b). (*See generally* Mot. Atty's Fees).  A party has prevailed for purposes of § 1988 "when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendants behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 111–112 (1992).  Relief on the merits means that there has been a "judicial imprimatur" that results in a change to the parties' legal relationship. *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001).

The Ninth Circuit clarified in *Higher Taste, Inc. v. City of Tacoma*, a judgment on the merits or a court-ordered consent decree are only examples of the type of court action needed; "[o]ther court-approved actions will suffice, provided they entail a judicial determination that the
///

claims on which the plaintiff obtains relief are potentially meritorious." 717 F.3d 712, 715 (9th Cir. 2013).

The Ninth Circuit has specifically held that a plaintiff who obtains a preliminary injunction but does not litigate the case to final judgment can nonetheless be considered the prevailing party. In *Watson v. County of Riverside*, the Ninth Circuit held that the plaintiff was the prevailing party even though the only relief he obtained was a preliminary injunction that later became moot. 300 F.3d 1092 (9th Cir. 2002). The plaintiff in *Watson* was a law enforcement officer who was placed on leave for using excessive force based on a report his employer required him to write without the benefit of an attorney. *Id.* at 1094. He sued his employer for a violation of due process and sought an injunction preventing his employer from using the report during his administrative hearing. *Id.* The plaintiff obtained the preliminary injunction. *Id.* His due process claim regarding the report survived summary judgment, but at that point, the administrative hearing had already past and the preliminary injunction had "done its job." *Id.* at 1096. The claim for a permanent injunction had therefore become moot, and the court dismissed the case. *Id.* Although there was never a final judgment granting permanent injunctive relief, "the preliminary injunction ended up affording all the relief that proved necessary." *Higher Taste*, 717 F.3d at 717. Thus, the plaintiff was deemed the prevailing party. The plaintiff in *Watson* "received relief that was as enduring as a permanent injunction would have been and, by virtue of the case's mootness, that relief was no longer subject to being . . . undone by the final decision in the same case." *Id.* Based on *Watson,* the fact that Plaintiff never received a permanent injunction does not mean there was no judicial imprimatur materially changing Defendants' behavior as required by *Buckhannon*.

As noted by the Ninth Circuit in *Higher Taste*, when a preliminary injunction is involved, the touchstone of the inquiry is whether the preliminary injunction was sufficiently on the merits and whether the relief was sufficiently enduring to satisfy the requirement that it materially alter

the parties' legal relationship. *Id.* at 716.  Here, the preliminary injunctions were issued with sufficient consideration of the merits because the Court specifically recognized that Plaintiff was likely to succeed on the merits of his deliberate indifference claim after hearing from both parties and after due consideration.  The preliminary injunction also materially altered the parties' legal relationship: it forced Defendants to do something it would not otherwise have done-that is, providing Plaintiff medical care in the form of multiple visits to a urologist, urethroplasty surgery, and a supply of catheters.

The Court must also consider events after the injunction issued to make sure that the change has been sufficiently enduring.  It is during this inquiry where an issue arises with Plaintiff's argument.  As the *Watson* court articulated, there are occasions "when the plaintiff scores an early victory by securing a preliminary injunction, then loses on the merits as the case plays out and judgment is entered against him—a case of winning a battle but losing the war. The plaintiff would not be a prevailing party in that circumstance." *Watson*, 300 F.3d at 1096; *see Sole v. Wyner*, 551 U.S. 74, 83 (2007) ("Prevailing party status . . . does not attend achievement of a preliminary injunction that is reversed, dissolved, or otherwise undone by the final decision in the same case.").

Applying these principles, Plaintiff cannot be deemed a prevailing party at this time.  It is undisputed that Plaintiff has not received a final judgment on his claims.[3]  The dispute in this

---

[3] As a practical matter, a final judgment is not always needed before a party can move for attorney's fees. *See Higher Tase, Inc.*, 717 F.3d at 717 (explaining that the plaintiff is a prevailing party eligible for a fee award "when a plaintiff wins a preliminary a preliminary injunction and the case is rendered moot before final judgment, either by the passage of time or other circumstances beyond the parties' control").  For example, if the parties were to settle, Plaintiff would still be considered a prevailing party because he received injunctive relief which provided him the precise relief he sought in his Complaint, *i.e.*, treatment for his urethral strictures in the form of visits to a urologist and urethroplasty surgery, which altered the legal relationship between the parties by making Defendants provide him this medical treatment. *See id.* at 718 (observing that a party could be considered a prevailing party even if the case settled where the settlement agreement establishes that the relief a party "won at the preliminary injunction stage is sufficiently enduring to satisfy" the material alteration of the parties' legal relationship).  What prevents the Court from finding that Plaintiff is a prevailing party at this juncture is the fact that this case is still progressing, and Defendants may ultimately prove that no violation of Plaintiff's constitutional rights occurred.

matter has not been substantively resolved, and Defendants maintain they committed no violation of Plaintiff's constitutional rights. (Resp. Obj. 4:17–5:2). The fact remains that Defendants may ultimately prevail either at the dispositive motion stage or at trial. Considering this possibility, the right and relief undergirding Plaintiff's injunctive relief is still subject to being "reversed, dissolved, or otherwise undone by the final decision" in this case. *Sole*, 551 U.S. at 83. Accordingly, the Court finds that Plaintiff is not a prevailing party at this juncture.

### B. Actual Violation of Plaintiff's Constitutional Rights

Even if Plaintiff had shown he was the prevailing party under § 1988(b), the Court would still find attorney's fees are not warranted because he has not shown an "actual violation" of his constitutional rights under the PLRA.

The PLRA limitation on attorney's fees applies to "any action brought by a prisoner who is confined to any jail, prison, or other correctional facility, in which attorney's fees are authorized under section 1988 of [Title 42 U.S.C.]" 42 U.S.C. § 1997e(d)(1). Courts may award attorneys' fees to prisoners only to the extent that (1) the fees were "directly and reasonably incurred in proving an actual violation of the plaintiff's rights," § 1997e(d)(1)(A), and (2) the fees are either "proportionately related to the court ordered relief for the violation" or "directly and reasonably incurred in enforcing the relief ordered for the violation," § 1997e(d)(1)(B). *See Jimenez v. Franklin*, 680 F.3d 1096, 1099 (9th Cir. 2012). The issue here is whether by obtaining injunctive relief, Plaintiff's counsel proved what is tantamount to an "actual violation" of Plaintiff's rights as required by the PLRA.

In *Siripongs v. Davis*, the plaintiff-prisoner initially secured a temporary restraining order against the state official-defendants, staying the plaintiff's scheduled execution. 282 F.3d 755, 757 (9th Cir. 2002), *as amended* (Apr. 17, 2002). After a second clemency petition was denied, the plaintiff was executed, and the district court dismissed the lawsuit. *Id.* However, the district court determined that because the plaintiff had obtained the temporary restraining order, he was

a prevailing party for purposes of an award of attorneys' fees pursuant to 42 U.S.C. § 1988(b) and 42 U.S.C. § 1997e(d). *Id.*   On appeal, the Ninth Circuit reversed the district court and determined that "an 'actual violation' of plaintiff's rights excludes a violation that has not been proven in fact, but merely has been asserted." *Id.* at 758.   Applying that interpretation of the statute, the Ninth Circuit stated that the plaintiff did not meet the requirements of § 1997e (despite obtaining a Temporary Restraining Order) because "the court never found, nor did the government ever concede," that plaintiff's rights were violated. *Id.*

The Ninth Circuit reiterated that holding in *Kimbrough v. California*. 609 F.3d 1027 (9th Cir. 2010).   In *Kimbrough*, the plaintiff-prisoner obtained a preliminary injunction enjoining the prison official-defendants from enforcing a hair length restriction. *Id.* at 1029.   Eventually, the case was dismissed as moot when the plaintiff was released on parole. *Id.* at 1030.   However, the plaintiff requested and was awarded attorneys' fees. *Id.* at 1030–31.   The Ninth Circuit reversed the award of attorneys' fees. *Id.* at 1033. The Ninth Circuit began its discussion by emphasizing the well-settled principle that "[a]n inmate does not qualify for attorneys' fees under the PLRA merely by obtaining prevailing party status within the meaning of § 1988." *Id.* at 1031. The *Kimbrough* court explained that:

> The instant case is directly analogous to *Siripongs*.  As in *Siripongs*, the district court never adjudicated the claims asserted in [plaintiff's] Second Amended Complaint.  The only court-ordered relief [plaintiff] attained through these proceedings was a preliminary injunction preventing the State from enforcing the grooming regulations against him.  The district court held a permanent injunction hearing, but no permanent injunction was ever issued.  Rather, the entire action was dismissed as moot before a final adjudication was ever rendered on [plaintiff's] asserted claims. Similar to the situation in *Siripongs*, the temporary relief [plaintiff] received in the form of a preliminary injunction did not affirmatively establish that the State actually violated his protected rights.

*Id.* at 1032.  *Siriprong* and *Kimbrough* are instructive: Although Plaintiff obtained injunctive relief, Defendants may ultimately demonstrate there was no actual violation of Plaintiff's

constitutional rights. *See Ackerman v. State of Nevada Dep't of Corr.*, 669 Fed. App'x 901, 902 (9th Cir. 2016) ("The fact that Ackerman temporarily obtained a preliminary injunction does not establish that his rights were actually violated.").

Plaintiff argues that *Siriprong* and *Kimbrough* are distinguishable from this case and that the Ninth Circuit authorized awarding attorney's fees under these circumstances in *Dannenberg v. Valdez*, 338 F.3d 1070 (9th Cir. 2003. (Mot. Suppl. Authority 2:4–3:2). The Court disagrees. In *Dannenberg*, attorney's fees were granted after the entry of judgment from a jury verdict that included both damages and injunctive relief. *Dannenberg*, 338 F.3d at 1071. Unlike in *Danneberg*, there has not been a final judgment in this case, nor have Defendants conceded that Plaintiff's rights were violated. In short, the Court is unable to find Plaintiff has conclusively shown an actual violation of his constitutional rights in this posture because the possibility remains that Defendants will prevail.

## IV.    CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Objection/Appeal, (ECF No. 118), to United States Magistrate Judge Brenda Weksler's Order, (ECF No. 112), is **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Supplemental Authority, (ECF No. 119), and Motion for Leave to File Sur-Reply, (ECF No. 122), are **GRANTED**.

**DATED** this ___2___ day of April, 2024.

_____
Gloria M. Navarro, District Judge
United States District Court