UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DeAngelo Lamont Mitchell, | Case No. 2:22-cv-00236-GMN-DJA |
| Plaintiff, | |
| v. | **Order** |
| High Desert State Prison, et al., | |
| Defendants. | |

Before the Court is Plaintiff's motion for leave to amend his complaint (ECF No. 154) and motion to correct the proposed amendment to fix clerical errors (ECF No. 157). The Court finds that, although Plaintiff's motion is untimely, Plaintiff has shown good cause to extend the deadline to amend. Because the Court finds that Defendants' futility arguments are better made in a motion to dismiss, the Court grants Plaintiff's motion to amend. The Court denies Plaintiff's motion to correct as moot because Plaintiff may simply file the corrected amended complaint on the docket.

**I.     Discussion.**

   **A.     *Whether Plaintiff's motion is timely.***

Generally, a party may amend its pleading once "as a matter of course" within twenty-one days of serving it, or within twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). However, when the deadline for amending pleadings under a scheduling order has passed, the court's analysis must start with Rule 16(b). *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (court correctly applied Rule 16(b) because time to amend pleadings lapsed before party moved to amend); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) (analysis begins with Rule 16(b) once deadline to amend pleadings has

passed). Under Rule 16(b)(4), a "schedule may be modified only for good cause and with the judge's consent." Unlike Rule 15(a)'s "liberal amendment policy[,] . . . Rule 16(b) s 'good cause' standard primarily considers the diligence of the party seeking the amendment . . . [i]f that party was not diligent, the inquiry should end." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591 (2015) (internal quotations and citations omitted); *see also Mammoth Recreations*, 975 F.2d at 609-10 (no good cause for amendment when movant knew of facts and theory from the beginning of the case and waited until four months after the deadline for amendments passed to move to amend).

Defendants urge the Court to deny Plaintiff's motion to amend as untimely because Plaintiff did not seek to reopen the deadline to amend pleadings under Rule 16(b). Plaintiff argues that the Court already gave Plaintiff leave to amend his complaint after denying Plaintiff's prior motion to amend, which motion Plaintiff made before the deadline. So, Plaintiff asserts, Rule 16(b) does not apply here. Defendants have the better argument.

The deadline to amend pleadings and add parties passed on February 22, 2023. (ECF No. 47). Before that deadline passed, Plaintiff's prior *pro bono* counsel filed a motion to amend the complaint. (ECF No. 72). The prior assigned magistrate judge, the Honorable Magistrate Judge Brenda Weksler, denied that motion without prejudice. (ECF No. 73). She ordered "that the parties shall meet and confer about Plaintiff's proposed amended complaint. *See* LR 16-1(d). If the parties cannot reach a resolution, Plaintiff may refile his motion with a meet-and-confer certification." (*Id.*). On March 21, 2023, the parties sought to extend the deadline to amend pleadings to August 21, 2023. (ECF No. 78). But Judge Weksler denied that request, explaining that the deadline to amend pleadings "is not extended at this time, as the parties did not show excusable neglect for seeking to extend this deadline after it ran." (*Id.*).

The Court does not find that Judge Weksler's statement that Plaintiff could refile his motion to amend with a meet-and-confer certification to provide unfettered leave to move to amend the complaint at any time. This is particularly true because Judge Weksler later denied the parties' request to extend the deadline to amend pleadings because the parties did not provide

excusable neglect for seeking to extend the deadline after it ran. So, Plaintiff's motion to amend, made nearly two years after the deadline to amend passed, triggers a Rule 16(b) analysis.

       The Court is concerned that Plaintiff's counsel did not brief Rule 16(b) in the first instance given the Ninth Circuit authority on the matter. Even if counsel believed that they had been granted leave to amend by Judge Weksler's minute order, they should have explained that in their opening brief. Nonetheless, Defendants address Rule 16(b) in their response and Plaintiff addresses it in reply. So, in the interest of moving the case forward, the Court will still consider the merits of the Rule 16(b) analysis, even though Plaintiff did not raise it in the first instance. Under that analysis, the Court finds that Plaintiff has shown good cause to extend the amendment deadline.

       The delay in Plaintiff's motion to amend his complaint does not appear to have been within his current counsel's control. Plaintiff's current counsel—the law firm Sgro & Roger—explains that Plaintiff's prior counsel did not refile the amended complaint prior to current counsel taking over the matter. (ECF No. 154 at 3). On October 21, 2024, the Court granted Sgro & Roger's substitution into this case and on January 15, 2025, the attorney who brought the motion to amend, Elaine Odeh, Esq., filed a notice of appearance. (ECF Nos. 145, 151). Less than two weeks later, Odeh filed a motion to amend on Plaintiff's behalf, explaining that prior counsel had never sought to amend per Judge Weksler's minute order. And while counsel could have provided more explanation about their belief that the deadline to amend was extended by that minute order, the Court does not find their assumption that the minute order granted leave to later move to amend to be entirely unreasonable. Moreover, Plaintiff's amended complaint predominantly seeks to assert facts that arose after he filed his original complaint, to name defendants about whose involvement Plaintiff's counsel learned through discovery, and to assert claims that did not exist when Plaintiff filed his original complaint. The Court also recognizes that Plaintiff filed his original complaint *pro se*, and so my have struggled to articulate claims that counsel now seeks to clarify. So, although Rule 16(b) applies here, the Court finds that Plaintiff

has shown good cause to extend the time to amend his complaint and thus proceeds to the Rule 15 analysis.[1]

### B.     *Whether leave to amend is appropriate.*

"The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "The court considers five factors [under Rule 15] in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011). The nonmovant bears the burden of showing why amendment should not be granted. *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986); *see also DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) ("party opposing amendment bears the burden of showing prejudice"); *United States for use & benefit of Source Helicopters, Div. of Rogers Helicopters, Inc. v. Sayers Constr., LLC*, No. 2:19-v-1602-JCM-EJY, 2020 WL 3643431, at *1 (D. Nev. July 6, 2020) ("The party opposing amendment holds the burden to demonstrate futility."); *Akinola v. Severns*, No. 3:14-CV-00222-HDM, 2015 WL 456535, at *2 (D. Nev. Feb. 2, 2015) ("party opposing the amendment carries the burden of showing why leave to amend should not be granted.").

An amendment is futile only if no set of facts can be proved under the amendment that would constitute a valid claim or defense. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). "Denial of leave to amend on [futility grounds] is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to

---

[1] The parties also disagree over the quality of their meet and confers and whether Plaintiff sufficiently included a "certification" of the meet and confer in his motion to amend. While Plaintiff's counsel did not include a declaration regarding the parties' meet and confer efforts as required by Local Rule IA 1-3(f)(2) in the motion to amend, Plaintiff's counsel did include this declaration in the reply. So, the Court declines to decide the motion on the certification issue. And while the parties disagree over the quality of their meet and confer, the Court does not find that it was so inadequate as to justify deciding the motion on that ground alone.

**The Court takes this opportunity, however, to clarify that, although Plaintiff's counsel asserts that the parties agreed that an amended complaint "would re-open deadlines that prior counsel on both sides had allowed to lapse," the Court does not, through this order, extend or reopen any deadlines**. (ECF No. 156-1 at 2).

amend is granted and the amended pleading is filed." *GMAC Mortgage LLC v. Nevada Association Services, Inc.*, No. 2:13-cv-01157-GMN-NJK, 2018 WL 487101, at *2 (D. Nev. Jan. 5, 2018) (internal citations and quotations omitted).  "Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss or a motion for summary judgment." *Id.* (internal citations omitted).

Here, considering the liberal standards for allowing leave to amend and the fact that Defendants carry the burden of showing why amendment should not be granted, the Court grants Plaintiff's motion to amend.  Defendants' only arguments against Plaintiff's proposed amendment that are not about timeliness concern futility.  However, denial of leave to amend on futility grounds is rare and it is not clear that no set of facts can be proved under Plaintiff's amendment that would constitute a valid claim.  Defendants' arguments are thus better developed through a motion to dismiss and the Court grants Plaintiff's motion to amend.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to amend (ECF No. 154) is **granted.**  Plaintiff must file and serve the amended pleading as required by Local Rule 15-1(b).  Because Plaintiff may simply file and serve his corrected amended pleading, his motion to correct (ECF No. 157) is **denied as moot.**

DATED: April 15, 2025,

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE