**ANTHONY P. SGRO, ESQ.**
Nevada Bar No. 3811
**JAYME N. MARTINEZ, ESQ.**
Nevada Bar No. 15802
**ELAINE ODEH, ESQ.**
Nevada Bar No. 14099
**SGRO & ROGER**
2901 El Camino Avenue, Suite 204
Las Vegas, Nevada 89102
Telephone: (702) 384-9800
Facsimile: (702) 665-4120
tsgro@sgroandroger.com
jmartinez@sgroandroger.com
eodeh@sgroandroger.com
*Attorneys for Plaintiff DeAngelo Lamont Mitchell*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DEANGELO LAMONT MITCHELL,<br><br>Plaintiff,<br><br>vs.<br><br>OLIVER, et al.,<br><br>Defendants. | Case No. 2:22-CV-00236-GMN-DJA<br><br>**STIPULATION TO EXTEND DISCOVERY DEADLINES WITH SHOWING OF EXCUSABLE NEGLECT**<br><br>**(SEVENTH REQUEST)** |

Plaintiff DeAngelo Lamont Mitchell and Defendants, by and through their respective counsel of record, hereby stipulate to extend all discovery deadlines in this matter. This is the seventh request to extend discovery deadlines, but the first request since the Court granted

Plaintiff's Motion for Leave to Amend Complaint on April 15, 2025, and the first request since the Court's April 21, 2025, order denying the prior stipulation without prejudice[1]. The parties acknowledge certain deadlines have already passed, and therefore jointly submit this stipulation demonstrating excusable neglect that justifies the requested extension of expired deadlines and showing good cause for extending all remaining pursuant to Federal Rule of Civil Procedure 6(b)(1)(B) and Local Rule 26-3.

## I.    DISCOVERY COMPLETED

Counsel met telephonically for an FRCP 26(f) conference on August 23, 2022.

Plaintiff served disclosures pursuant to FRCP 26, as follows:

1. Initial Disclosures: September 5, 2022.
2. Plaintiff's Expert witness designation: January 19, 2024.
3. First Supplement: February 13, 2025.
4. Second Supplement: April 18, 2025.

Defendant served disclosures pursuant to FRCP 26, as follows:

1. Initial Disclosures: August 26, 2022.
2. First Supplement: October 19, 2022.
3. Second Supplement: November 21, 2022.
4. Third Supplement: December 2, 2022.
5. Fourth Supplement: March 2023.
6. Fifth Supplement: March 22, 2023.
7. Sixth Supplement: April 25, 2023.
8. Seventh Supplement: June 1, 2023.

---

[1] ECF No. 164

9. Eighth Supplement: June 21, 2023.

10. Ninth Supplement: July 14, 2023.

11. Tenth Supplement: August 22, 2023.

12. Eleventh Supplement: September 11, 2023.

13. Twelfth Supplement: January 16, 2025.

14. Thirteenth Supplement: March 17, 2025.

Plaintiff served Interrogatories, Requests for Admission, and Requests for Production to Defendants Gutierrez, Daniels, Bean, Minev, Peret, and Oliver on February 6, 2023. Defendants served their responses on March 9, 2023.

Plaintiff served a second set of Interrogatories and Requests for Production to Defendants Daniels, Bean, and Oliver on February 11, 2025. Defendants served their responses on March 17, 2025.

Defendants served Interrogatories and Requests for Production to Plaintiff on February 20, 2025. Plaintiff served his response on April 4, 2025.

Counsel met and conferred regarding discovery disputes on April 2, 2025.

**II. DISCOVERY THAT REMAINS TO BE COMPLETED**

1. Written Discovery to newly added defendants

2. Supplemental written discovery to existing defendants regarding new claims

3. Depositions of Parties, including newly added defendants

4. Depositions of NDOC's FRCP 30(b)(6) witnesses

5. Depositions of percipient witnesses

6. Deposition of treating providers

7. Expert designations, reports, and depositions

8. Subpoenas to third parties for records and information

### III. REASONS THE REMAINING DISCOVERY WAS NOT COMPLETED WITHIN THE TIME LIMITS SET BY THE DISCOVERY PLAN

On April 15, 2025, this Court granted Plaintiff's Motion for Leave to Amend Complaint, allowing Plaintiff to add new defendants, state law claims, and additional factual allegations based on ongoing constitutional violations[2]. This amended complaint significantly expands the scope of this litigation by:

- Adding new defendants who were identified through discovery and investigation.
- Including state law claims under Nevada law, following the Nevada Supreme Court's decision in *Mack v. Williams*.
- Incorporating additional factual allegations regarding ongoing constitutional violations.
- Detailing further instances of retaliation and medical neglect by Defendants.

The case has a complex procedural history. It was previously under a temporary restraining order and preliminary injunction, and only moved to the litigation track on September 13, 2023[3]. A settlement conference was scheduled but repeatedly delayed until February 14, 2024[4], which did not result in resolution.

Notably, on October 18, 2024, the law firm of Sgro & Roger filed a substitution of attorney on behalf of Plaintiff, meaning current counsel was not representing Plaintiff when the original

---

[2] ECF No. 159

[3] ECF No. 76

[4] ECF No. 98

expert disclosure deadlines passed[5]. Similarly, on December 6, 2024, a Change of Deputy Attorney General was filed on behalf of Defendants[6].

Under Federal Rule of Civil Procedure 6(b)(1)(B), a "court may, for good cause," extend deadlines "on motion made after the time has expired if the party failed to act because of excusable neglect." [7]

Local Rule 26-3 requires a showing of "good cause" for any request to extend discovery deadlines. When the deadline has already passed, the moving party must also demonstrate that the failure to act was the result of excusable neglect.[8]

"To determine whether a party's failure to meet a deadline constitutes 'excusable neglect,' courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." [9]

### A. Excusable Neglect Exists for Extension of Expired Deadlines

#### 1. No Prejudice to Either Party

Extending all discovery deadlines, including the already-expired expert disclosure deadlines, will not prejudice Plaintiff or Defendants. This request comes just seven days after the Court granted Plaintiff's Motion for Leave to Amend Complaint[10]. The amended complaint

---

[5] ECF No. 145

[6] ECF 150

[7] FRCP 6 (b)(1)(B)

[8] N.D. Nev LR 26-3

[9] Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 398, 113 S. Ct. 1489, 1500, 123 L. Ed. 2d 74 (1993).

[10] ECF No. 159

adds new defendants who have not yet been served and introduces new state law claims, including negligence claims that require expert testimony on the standard of care.

### 2. Minimal Length of Delay with Limited Impact

The requested extension would have minimal impact on the judicial proceedings. The Court only recently granted leave to amend the complaint on April 15, 2025. Given the expanded scope of litigation, extending all deadlines is reasonable and necessary to properly address the new claims and defendants.

Under Federal Rule of Civil Procedure 4(m), Plaintiff has 90 days to serve the new defendants. After service, these defendants will have 21 days to file an answer or responsive pleading. This timeline alone extends beyond the current discovery cut-off date of June 13, 2025[11].

### 3. Substantial Justification for the Delay

The primary reason for needing to extend all deadlines is the recent granting of leave to amend the complaint on April 15, 2025, which substantially changed the nature and scope of this litigation. The amended complaint adds new negligence claims that specifically require expert testimony regarding the standard of care, which was not previously needed.

Additionally, Plaintiff's current counsel only began representing Plaintiff on October 18, 2024[12]. Current counsel could not have reasonably been expected to designate experts for claims that were not yet part of the case and had not yet been approved by the Court. The expert disclosure deadlines passed while different counsel represented Plaintiff and before the amended complaint was approved.

---

[11] ECF No. 153

[12] ECF No. 145

This case also involves a plaintiff with complex and extensive medical history who is still undergoing medical evaluation and surgeries. Plaintiff's most recent surgery took place on September 9, 2024, and he continues to require medical treatment, including a pre-operative consultation with an outside urologist that was scheduled but did not occur because he was not transported to that appointment.

### 4. Good Faith

Both parties are acting in good faith in requesting this extension. This stipulation is being filed promptly after the Court's denial of the stipulation, and both parties have been diligent in pursuing discovery overall. The parties have worked cooperatively to establish reasonable new deadlines that will allow adequate time for expert disclosures while minimizing delay to the overall case schedule. The need for additional time stems not from lack of diligence but from the significant changes to the case resulting from the amended complaint.

### B. Good Cause Exists for Extension of Remaining Deadlines

While not directly applicable to federal court, the Nevada Supreme Court's decision in Nutton v. Sunset Station, Inc.[13] provides persuasive guidance for analyzing diligence and prejudice factors. The Nutton factors examine: (1) explanation for untimeliness; (2) importance of the amendment; (3) prejudice to opposing party; and (4) availability of continuance. These considerations align with the federal "good cause" standard and reinforce the parties' arguments for extension.

Good cause exists to extend all remaining discovery deadlines in this case. The current discovery deadline of June 13, 2025, does not provide sufficient time to complete the additional

---

[13] Nutton v. Sunset Station, Inc., 131 Nev. 279, 284, 357 P.3d 966, 970 (Nev. App. 2015)

discovery necessitated by the Amended Complaint. The newly added defendants must be served, respond to the complaint, and participate in discovery. Additionally, both parties are represented by counsel who entered the case relatively recently and are still in the process of reviewing records and discovery.

### IV.    PROPOSED SCHEDULE FOR COMPLETING REMAINING DISCOVERY

Plaintiff proposes the following discovery plan, which allows approximately 120 days beyond the current deadlines to complete discovery:

| Event | Current Date | Proposed Date |
| --- | --- | --- |
| Discovery Cut-Off | June 13, 2025 | October 15, 2025 |
| FRCP 26(a)(2) Expert Disclosures: Initial disclosure | Passed | August 15, 2025 |
| FRCP 26(a)(2) Expert Disclosures: Rebuttal disclosure | Passed | September 15, 2025 |
| Dispositive Motions | July 15, 2025 | November 14, 2025 |
| Joint Pre-Trial Order | August 13, 2025 | December 15, 2025 |

### V.    CONCLUSION

For the foregoing reasons, the parties respectfully request that this Court grant this stipulation to extend all discovery deadlines. The recent amendment to the complaint, addition of new defendants and claims, and the change in Plaintiff's counsel collectively establish excusable neglect under the Pioneer factors and Local Rule 26-3 for expired deadlines and good cause for extending remaining deadlines. These extensions are necessary to allow the parties to

fully and fairly litigate all claims, particularly the newly added claims that require additional discovery and expert testimony.

DATED: April 22, 2025.

**SGRO & ROGER**
By: /s/ Elaine Odeh
ANTHONY P. SGRO, ESQ.
Nevada Bar No. 3811
JAYME N. MARTINEZ, ESQ.
Nevada Bar No. 15802
ELAINE ODEH, ESQ.
Nevada Bar No. 14099
2901 El Camino Avenue, Suite 204
Las Vegas, Nevada 89102
*Attorneys for Plaintiff DeAngelo Lamont Mitchell*

DATED: April 22, 2025.

**STATE OF NEVADA OFFICE OF THE ATTORNEY GENERAL**

By: /s/ Jamie S. Hendrickson

AARON D. FORD
Attorney General
JAMIE S. HENDRICKSON, ESQ. Senior Deputy Attorney General *Attorneys for Defendants*

## **ORDER**

**IT IS SO ORDERED.**

| Event | Current Date | Proposed Date |
|---|---|---|
| Discovery Cut-Off | June 13, 2025 | October 15, 2025 |
| FRCP 26(a)(2) Expert Disclosures: Initial disclosure | Passed | August 15, 2025 |
| FRCP 26(a)(2) Expert Disclosures: Rebuttal disclosure | Passed | September 15, 2025 |
| Dispositive Motions | July 15, 2025 | November 14, 2025 |
| Joint Pre-Trial Order | August 13, 2025 | December 15, 2025 |

_____
UNITED STATES MAGISTRATE JUDGE

DATE: 4/23/2025