# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

DeAngelo Lamont Mitchell,

              Plaintiff,

   v.

Ronald Oliver, et al.,

              Defendants.

Case No. 2:22-cv-00236-GMN-DJA

**Order**
**and**
**Report and Recommendation**

Before the Court is Defendants Jeremy Bean, Jaymie Cabrera, Charles Daniels, James Dzurenda, Bob Faulkner, Ben Gutierrez, John Keast, Dana Marks, Michael Minev, Ronald Oliver, Nonilon Peret, Ashley Randolph, and David Rivas' partial motion to dismiss Plaintiff's first amended complaint (ECF No. 181),[1] and Plaintiff DeAngelo Lamont Mitchell's motion to amend his complaint (ECF No. 195). Because the Court finds that Plaintiff has shown diligence in seeking to amend his complaint and because Defendants' futility arguments are better made in a renewed motion to dismiss, the Court grants Plaintiff's motion to amend and recommends denying Defendants' motion to dismiss as moot.

   **I.**        **Discussion.**

       ***A.***       ***Timeliness.***

Generally, a party may amend its pleading once "as a matter of course" within twenty-one days of serving it, or within twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). However, when the deadline for amending pleadings under a scheduling order has

---

[1] This motion has been referred to the undersigned magistrate judge under 28 U.S.C. § 636(b)(1)(A).

passed, the court's analysis must start with Rule 16(b).  *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (court correctly applied Rule 16(b) because time to amend pleadings lapsed before party moved to amend); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) (analysis begins with Rule 16(b) once deadline to amend pleadings has passed).  Under Rule 16(b)(4), a "schedule may be modified only for good cause and with the judge's consent."  Unlike Rule 15(a)'s "liberal amendment policy[,] . . . Rule 16(b) s 'good cause' standard primarily considers the diligence of the party seeking the amendment . . . [i]f that party was not diligent, the inquiry should end."  *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591 (2015) (internal quotations and citations omitted); *see also Mammoth Recreations*, 975 F.2d at 609-10 (no good cause for amendment when movant knew of facts and theory from the beginning of the case and waited until four months after the deadline for amendments passed to move to amend).

Although it is a closer call, the Court finds that Plaintiff's counsel has shown diligence in amending the complaint.  Plaintiff's counsel explains that the proposed amendments are solely to correct how the complaint names the State of Nevada in response to Defendants' motion to dismiss pointing out that Plaintiff named the State incorrectly.  Plaintiff's counsel adds that the failure to name the State correctly was inadvertent and that the substance of the complaint remains the same.  Given Plaintiff's explanation, the Court finds good cause to extend the deadline to amend the complaint.

### B.    Amendment.

"The court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "The court considers five factors [under Rule 15] in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint."  *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011).  The nonmovant bears the burden of showing why amendment should not be granted.  *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986); *see also DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) ("party opposing amendment

bears the burden of showing prejudice"); *United States for use & benefit of Source Helicopters, Div. of Rogers Helicopters, Inc. v. Sayers Constr., LLC*, No. 2:19-v-1602-JCM-EJY, 2020 WL 3643431, at *1 (D. Nev. July 6, 2020) ("The party opposing amendment holds the burden to demonstrate futility."); *Akinola v. Severns*, No. 3:14-CV-00222-HDM, 2015 WL 456535, at *2 (D. Nev. Feb. 2, 2015) ("party opposing the amendment carries the burden of showing why leave to amend should not be granted.").

An amendment is futile only if no set of facts can be proved under the amendment that would constitute a valid claim or defense. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). "Denial of leave to amend on [futility grounds] is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *GMAC Mortgage LLC v. Nevada Association Services, Inc.*, No. 2:13-cv-01157-GMN-NJK, 2018 WL 487101, at *2 (D. Nev. Jan. 5, 2018) (internal citations and quotations omitted). "Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss or a motion for summary judgment." *Id.* (internal citations omitted).

Here, considering the liberal standards for allowing leave to amend and the fact that Defendants carry the burden of showing why amendment should not be granted, the Court grants Plaintiff's motion to amend. Defendants' arguments against Plaintiff's proposed amendment that are not about timeliness concern futility. However, denial of leave to amend on futility grounds is rare and it is not clear that no set of facts can be proved under Plaintiff's amendment that would constitute a valid claim. Defendants' arguments are thus better developed through a motion to dismiss and the Court grants Plaintiff's motion to amend.

### C.    *Motion to dismiss.*

The Court recommends denying Defendants' motion to dismiss as moot given the Court's granting of Plaintiff's motion to amend. *See Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011) (explaining that an "amended complaint supersedes the original, the latter being treated thereafter as non-existent"); *see also Ramirez v. City of San Bernadino*, 806 F.3d 1002, 1008 (9th

Cir. 2015) (explaining that an amended complaint will also ordinarily moot a pending motion to dismiss).

## ORDER

**IT IS THEREFORE ORDERED** that Plaintiff's motion to amend (ECF No. 195) is **granted.** Plaintiff must file and serve the amended pleading as required by Local Rule 15-1(b).

## RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Defendants' motion to dismiss (ECF No. 181) be **denied as moot.**

## NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985) *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues could waive the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *see Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983); *see Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012).

DATED: January 22, 2026

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE