**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DEANGELO LAMONT MITCHELL,

Plaintiff,

vs.

RONALD OLIVER, *et al.*,

Defendants.

Case No.: 2:22-cv-00236-GMN-DJA

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

Pending before the Court is Defendants' Partial Motion to Dismiss, (ECF No. 204). Plaintiff Deangelo Mitchell filed a Response, (ECF No. 207), to which Defendants filed a Reply, (ECF No. 210).

For the reasons discussed below, the Court GRANTS in part and DENIES in part Defendants' Partial Motion to Dismiss.

## I. <u>BACKGROUND</u>

This case arises out of Defendants' alleged deliberate indifference to Plaintiff's serious medical needs during his incarceration at High Desert State Prison and Northern Nevada Correctional Center. (*See generally* Sec. Am. Compl., ECF No. 203). Because Defendants' Partial Motion to Dismiss raises purely legal challenges to Plaintiff's claims, the Court will not recite his factual allegations.

Plaintiff initiated this action on February 3, 2022. (*See generally* Compl., Ex. 1 to Init. Docs., ECF No. 1-1). He was granted leave to amend his Complaint, (*see* Order, ECF No. 159), and he filed an Amended Complaint, (ECF No. 166), on April 22, 2025. He was once again granted leave to amend, (*see* Order, ECF No. 202), and filed the operative Second Amended Complaint, (ECF No. 203), on January 26, 2026.

The Second Amended Complaint names as Defendants Nonilon Peret, Benedicto Gutierrez, Ronald Oliver, Jeremy Bean, Charles Daniels, James Dzurenda, Michael Minev, John Keast, Ashley Randolph, Lisa Barnum, Dana Marks, Jaymie Cabrera, Bob Faulkner, David Rivas, and the State of Nevada *ex rel.* Nevada Department of Corrections. (Sec. Am. Compl. ¶¶ 3–17). Plaintiff presents six causes of action: (1) deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment of the U.S. Constitution, brought pursuant to 42 U.S.C. § 1983 against Defendants Peret, Gutierrez, Oliver, Bean, Daniels, Dzurenda, Minev, Keast, Randolph, Barnum, Marks, Cabrera, Faulkner, and Rivas (in sum, all Defendants save the State of Nevada); (2) a violation of Article 1, Section 6 of the Nevada Constitution, against all Defendants; (3) negligence, against all Defendants; (4) intentional infliction of emotional distress, against all Defendants; (5) a violation of the due process guarantees of the Fourteenth Amendment of the U.S. Constitution and Article 1, Section 8 of the Nevada Constitution, against all Defendants; and (6) a violation of the First Amendment of the U.S. Constitution and Article 1, Section 8 of the Nevada Constitution, against Defendants Peret, Gutierrez, Minev, Keast, Randolph, Barnum, Marks, Cabrera, Faulkner, and the State of Nevada. (*Id.* ¶¶ 105–76).

On February 5, 2026, Defendants filed a Partial Motion to Dismiss, (ECF No. 204), in which they seek dismissal of all but Plaintiff's first cause of action.

## II. <u>LEGAL STANDARD</u>

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court assumes all factual allegations to be true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citing Fed. R. Civ. P. 15(a)).

## III. DISCUSSION

Plaintiff's Second Amended Complaint asserts six causes of action. (*See generally* Sec. Am. Compl.). Defendants seek dismissal of every cause of action except the first: Plaintiff's Eighth Amendment claim against the individual officers, brought under 42 U.S.C. § 1983. (Mot. Dismiss 3:7–10). For each, Defendants challenge whether the law affords a remedy, not whether Plaintiff pleads sufficient factual content. (*See id.* 3:1–10). The Court addresses Plaintiff's state law claims before turning to his federal claims.

### A. State Law Claims: Causes of Action 2–6

In his third and fourth causes of action, Plaintiff presents tort claims under Nevada common law, alleging that Defendants acted negligently and intentionally inflicted emotional

distress, respectively. (Sec. Am. Compl. ¶¶ 143–58). Plaintiff's second cause of action asserts a claim pursuant to Article 1, Section 6 of the Nevada Constitution, while the fifth and sixth assert claims pursuant to Article 1, Section 8. (*Id.* ¶¶ 134–42, 159–75). Causes of Action Five and Six also assert federal constitutional claims parallel to the state constitutional claims. (*Id.* ¶¶ 159–75). Defendants argue that the Eleventh Amendment of the United States Constitution bars Plaintiff's state law claims.[1] (Mot. Dismiss 7:14–8:19).

The Eleventh Amendment immunizes states from federal suits brought by their own citizens. *Walden v. Nevada*, 945 F.3d 1088, 1092 (9th Cir. 2019). A state may waive its sovereign immunity, or Congress may abrogate it. *Va. Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 253–54 (2011). Absent a waiver or valid abrogation, a federal court may not entertain a private person's suit against a state. *Id.* at 254.

Nevada Revised Statute ("NRS") 41.0337 mandates that a tort action against a state employee for an act or omission within the scope of his or her public duties or employment name the State or appropriate political subdivision as a party defendant. Nev. Rev. Stat. 41.0337(1)–(2). But Nevada "has explicitly refused to waive" its sovereign immunity from suit conferred by the Eleventh Amendment. *O'Connor v. Nevada*, 686 F.2d 749, 750 (9th Cir. 1982); *see also* Nev. Rev. Stat. 41.031(3). As a result, a plaintiff cannot bring a federal lawsuit for a tort committed by a Nevada state employee in the scope of his or her employment.

The Court therefore lacks jurisdiction over Plaintiff's state law claims, encompassing both his common-law tort claims and his state constitutional claims. After the parties' briefing on Defendant's Partial Motion to Dismiss concluded, the Ninth Circuit reversed two cases from

---

[1] Defendants argue, in part, that Plaintiff's claims should be dismissed because the State of Nevada was not properly named as a party, which is necessary to invoke the State's conditional waiver of sovereign immunity. (*See, e.g.*, Mot. Dismiss 7:3–13). Defendants' factual assertion is incorrect: Plaintiff names "Defendant STATE OF NEVADA ex rel. NEVADA DEPARTMENT OF CORRECTIONS" as a party defendant in its list of the parties in this action, before reaching any factual allegations. (Sec. Am. Compl. ¶ 17). Nevertheless, the Court's finding that the Eleventh Amendment bars Plaintiff's state law claims does not depend on whether he properly named the State as a defendant.

this district for erroneously failing to dismiss claims brought against state employees under Nevada common law and the Nevada Constitution. *See Cardenas-Ornelas v. Johnson*, No. 24-6755, 2026 WL 237695, at *2 (9th Cir. Jan. 29, 2026) (mem.); *Bai v. Johnson*, No. 25-2479, 2026 WL 2455135, at *1 (9th Cir. Aug. 21, 2026) (mem.). Any state law claims Plaintiff seeks to raise based on the facts alleged in the Second Amended Complaint must be brought in state court, not federal court. *See Hirst v. Gertzen*, 676 F.2d 1252, 1263–65 (9th Cir. 1982).

Accordingly, the Court DISMISSES Causes of Action Two, Three, and Four against all Defendants, with prejudice. The Court also DISMISSES Plaintiff's state constitutional claims in Causes of Action Five and Six against all Defendants, with prejudice. The Court now turns to the remaining federal constitutional claims in Causes of Action Five and Six.

**B. Federal Claims: Causes of Action 5 & 6**

In his fifth cause of action, Plaintiff alleges that Defendants violated the federal Fourteenth Amendment's guarantee of due process; in the sixth, he alleges that Defendants violated the First Amendment. (*Id.* ¶¶ 159–74). Although Plaintiff expressly invokes 42 U.S.C. § 1983 as the source of his first cause of action, he does not mention it in either his fifth or sixth causes of action. (*See id.* 14:20, 23:16–17, 25:6–8). Defendants argue that Plaintiff's failure to invoke § 1983 in Causes of Action Five and Six disqualifies his federal constitutional claims. (Mot. Dismiss 2:26–28, 3:26).

Section 1983 provides the exclusive remedy for a state actor's violation of the U.S. Constitution. *See Martinez v. City of Los Angeles*, 141 F.3d 1373, 1382 (9th Cir. 1988); *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992). Because Plaintiff states in the first cause of action that the individual defendants "at all times relevant to this action, were acting under color of state law," (Sec. Am. Compl. ¶ 106), the Court construes his fifth and sixth causes of action as claims also brought under § 1983. *See, e.g.*, *Orozco v. Cnty.*

*of Monterey*, 941 F. Supp. 930, 934 (N.D. Cal. 1996) (construing counseled plaintiff's claims for constitutional violations as § 1983 claims).

Nevertheless, § 1983 does not authorize a suit for damages against a state. *See O'Connor*, 686 F.2d at 750. Accordingly, the Court DISMISSES the State of Nevada as a Defendant in Causes of Action Five and Six, with prejudice. The federal constitutional claims in Causes of Action Five and Six may proceed against the named state employees in their individual capacities pursuant to § 1983.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Partial Motion to Dismiss, (ECF No. 204), is **GRANTED in part** and **DENIED in part.** Causes of Action Two, Three, and Four are **DISMISSED with prejudice** with respect to all Defendants. The state constitutional claims in Causes of Action Five and Six are **DISMISSED with prejudice** with respect to all Defendants. The federal constitutional claims in Causes of Action Five and Six are **DISMISSED with prejudice** with respect to Defendant State of Nevada *ex rel.* Nevada Department of Corrections.

**IT IS FURTHER ORDERED** that Defendant State of Nevada *ex rel.* Nevada Department of Corrections is **DISMISSED with prejudice** as a Defendant in this action.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Partial Summary Judgment, (ECF No. 216), is **DENIED in part as moot** with respect to Causes of Action Two, Three, and Four.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment, (ECF No. 215), is **DENIED in part as moot** with respect to Causes of Action Two, Three, and Four.

**DATED** this __8__ day of October, 2026.

______________________________
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT